———o———

No. 5805.

## VICTOR SKENA vs. LOUISIANA SOUTHERN RAILWAY COMPANY.

### Syllabus.

Issue of fact only are involved herein.

Appeal from the Twenty-ninth Judicial District Court, Parish of Plaquemines, No. 959, Hon. R. E. Hingle, Judge.

O. S. Livaudais, for plaintiff and appellee.

Dufour & Dufour, F. Estopinal, for defendant and appellant.

His Honor, HORACE L. DUFOUR, rendered the opinion and decree of the Court, as follows:

The defendant appeals from a judgment against it for the sum of $595.45 for injuries received by plaintiff's being scalded while passing near one of defendant's engines.

The plaintiff is a carpenter who was employed at Harlem Plantation; his house abutted on the defendant's right of way, which passed through the laborers' quarters of the plantation. On the day of the occurrence, the

plaintiff was, on his way to work, passing on the side of the engine and, as he got there, the engineer opened the blow off valve which emitted hot water and steam which severely scalded the plaintiff.

It is argued that, as Skena selected the narrower and more dangerous side of the road the closest to the engine to pass on, he contributed to the injury.

We think he acted within his rights.

It was customary, to the knowledge of the defendant's employees for people to pass on either side of the track on the many occasions when the engine was stationed at that point where it took water from the plantation pond.

It is not negligence **per se** to pass on the side of a stationary engine and the plaintiff had the right to assume that, the engineer having knowledge of these facts, would not let out steam in the center of the quarters without taking the precaution to ascertain if any one was near.

His failure to do so is negligence sufficient to fasten responsibility on the company.

It is evident that the jury did not believe the engineer's statement that he had looked carefully and seen no one before he pulled the blowing off cock. It appears to us that this conclusion is correct and that, either he did not look or the look out was careless; else he would have seen the plaintiff.

It was conceded at argument that the amount allowed is reasonable.

Judgment affirmed.

Opinion and decree April 21st, 1913.